# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

William Bruce Justice, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2022-001680

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

---

Opinion No. 28183
Submitted September 13, 2023 – Filed December 13, 2023

---

## AFFIRMED

---

Appellate Defender Lara Mary Caudy and Pro Bono Program Director, Taylor Davis Gilliam, both of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Donald J. Zelenka and Matthew C. Buchanan, all of Columbia, for Respondent. Matthew A. Abee and Yasmeen Ebbini, of Nelson, Mullins, Riley &

Scarborough, LLP, of Columbia, for Root and Rebound, Amicus Curiae.

———————

**PER CURIAM:**   Petitioner was convicted in 1989 of multiple counts of second-degree burglary, grand larceny, and petit larceny, for which he was sentenced to a total of sixty years in prison.  Petitioner was paroled in 2012.  In 2013, Petitioner was arrested for violating the terms of his parole.  His parole was revoked following a hearing, and he was ordered to serve the remainder of his sentence.

In 2014, Petitioner brought this post-conviction relief action ("PCR") challenging the revocation of his parole on the basis he was not afforded the minimal requirements of due process.  Among his allegations, Petitioner asserted he was denied the right to confront adverse witnesses at the parole revocation hearing because he was made to leave the room during the testimony of an adverse witness, without explanation and without a finding by the hearing officer of the necessity for his removal; he was not permitted to question any adverse witnesses; and he was not permitted a reasonable opportunity to present his side of the case because the hearing officer abruptly cut off his testimony after a few minutes and stated that he had "enough information," but then proceeded to hear the testimony of an adverse witness in Petitioner's absence.[1]  The PCR judge issued an order denying Petitioner's application for relief, finding Petitioner failed to prove the existence of any constitutional violations or deprivations.

Petitioner appealed, and the court of appeals dismissed the appeal as moot because Petitioner was released from prison while his appeal was pending.  *See Justice v. State*, Op. No. 2022-UP-186 (S.C. Ct. App. filed May 4, 2022) (dismissing the appeal without oral argument).  This Court granted a petition for a writ of certiorari from Petitioner to review the decision of the court of appeals.  After carefully reviewing the record, we affirm the determination of the court of appeals that the appeal is moot and that Petitioner has not established any exceptions to mootness are applicable in this case.  However, we are gravely concerned by Petitioner's allegations and his assertion that these are the standard operating

———————

[1] A recording of the parole revocation hearing has been filed as an exhibit with this Court.  It indicates the hearing lasted about ten minutes.

procedures in parole revocation matters. Accordingly, we look forward to the opportunity to consider a case that is not moot and that properly places these issues before the Court.

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, FEW, JAMES, JJ., and Acting Justice Letitia H. Verdin, concur.**